UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

IN THE MATTER OF THE COMPLAINT
OF THOMAS DANN, INC., as Owner, and
DANN OCEAN TOWING, INC., as Owner
*Pro Hac Vice*, of a 116' Tugboat Motor Vessel     Case No. 8:21-cv-1350-TPB-CPT
named THOMAS DANN with Official
Number 638836, for Exoneration from
or Limitation of Liability,

    Petitioners.
_____/

**ORDER APPROVING *AD INTERIM* STIPULATION OF VALUE
AND DIRECTING ISSUANCE OF MONITION AND INJUNCTION**

Before the Court is the Petitioners' *Motion for Entry of an Order Approving Security, Directing Issuance of Monition, and Restraining Prosecution of Claims*. (Doc. 5). For the reasons discussed below, the Petitioners' motion is granted as described herein.

I.

Petitioners Thomas Dann, Inc. and Dann Ocean Towing, Inc. are the owners of a 116' Tugboat motor vessel named Thomas Dann (the Vessel), which was involved in a maritime incident on or about December 4, 2020, on the Cape Fear River in the vicinity of Wilmington, North Carolina (the Incident). (Doc. 1 at 2). The Incident allegedly injured two deckhands. *Id.*

On June 3, 2021, the Petitioners filed a complaint seeking to minimize, if not eliminate altogether, their exposure to any liability arising from the Incident pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 30501–30512, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (Supplemental Rule F), and the Middle District of Florida Admiralty and Maritime Practice Manual. *Id.*

Approximately one month after filing their complaint, the Petitioners submitted the instant motion, along with a verified Declaration of Value and an *Ad Interim* Stipulation for Value and Stipulation for Costs (Ad Interim Stipulation) as security for any claims stemming from the Incident. (Docs. 4, 5). The Petitioners represent in the Ad Interim Stipulation that the post-loss value of the Vessel and its pending freight was $2,518,935. (Doc. 4). In addition, the Petitioners—joined by the American Steamship Owners Mutual Protection and Indemnity Association, Inc. (American Steamship), as surety—state that they will guarantee payment of any potential obligations in this action up to $2,518,935, including costs and interest at a rate to be determined by the Court. (Doc. 4-1). Based on these representations, the Petitioners request in their motion that the Court (1) approve the Ad Interim Stipulation; (2) issue a monition to all potential claimants; and (3) impose an injunction under Supplemental Rule F precluding the further prosecution of any proceedings against the Petitioners arising from any claims subject to limitation. (Doc. 5).

II.

Upon due consideration of the matter, it is hereby ORDERED:

1. The Ad Interim Stipulation for the value of the Petitioners' interest in the Vessel and its pending freight, in the amount of $2,518,935, including costs and interest at the rate of six percent (6%) per annum from the date hereof, filed by the Petitioners as principal, and American Steamship as surety, is accepted as adequate security and is approved as to form and quantum.

2. The Petitioners and any claimant who may properly become a party hereto may contest the amount or value of the Petitioners' interest in the Vessel as fixed in the Ad Interim Stipulation; may move the Court for due appraisal of said interest; and may apply to have the amount of said stipulation increased or decreased, as the case may be, upon the Court's determination of the amount or value of said interest or to carry out the provisions of 46 U.S.C. §§ 30501–30512 for personal injuries, property damage, or any other claims resulting from the Incident.

3. If the amount of the Ad Interim Stipulation is not disputed by any claimant, the Ad Interim Stipulation shall stand as a stipulation for value and an appraisal shall not be required.

4. The Clerk of Court shall issue the attached Monition advising and admonishing all persons or corporations asserting claims for any and all losses, damages, injuries, deaths, or destruction allegedly resulting from the Incident, to file their respective claims with the Clerk of Court, United States District Court for the Middle District of Florida, located at 801 North Florida Avenue, Tampa, Florida

33602 **on or before September 1, 2021**, and to serve or mail copies thereof to the Petitioners' attorney, Eric C. Thiel of Banker Lopez Gassler P.A., 501 E. Kennedy Boulevard, Suite 1700, Tampa, Florida 33602, or be defaulted. If any claimant desires to contest the Petitioners' right to exoneration from or limitation of liability, such claimant(s) shall file and serve on the Petitioners' counsel an answer to the complaint on or before said date, unless his/her claim has included an answer to the complaint so designated, or be defaulted.

5. The Notice of Monition in the form required by Supplemental Rule F and the Admiralty and Maritime Practices Manual shall be published in a newspaper of general circulation in the appropriate county or counties once a week for four (4) consecutive weeks prior to the date fixed for the filing of claims in accordance with Supplemental Rule F and the Admiralty and Maritime Practice Manual.

6. No later than the date of the second weekly publication, the Petitioners shall mail a copy of said notice to every person or corporation known by the Petitioners to have a claim against them arising out of the Incident set forth in the complaint. In addition, the Petitioners shall mail said notice to any decedent at the decedent's last known address and also to any person who shall be known to have made any claim on account of such death.

7. The commencement or further prosecution of any action or proceeding against the Petitioners, the Vessel, or other property of the Petitioners with respect to any claims for which the Petitioners seek exoneration from or limitation of liability herein, including any claim arising out of or incident to or connected with any loss,

damage, injury, death, or destruction, more fully described in the complaint, be and the same is hereby restrained, stayed, and enjoined until the hearing and determination of this action.

8. Service of this Order as a restraining order in this District may be made in the usual manner as in any other federal district by the United States Marshal's delivery of a certified copy of this Order on the person(s) to be restrained or to their respective attorney(s), or—alternatively—by mailing a conformed copy of the Order to the person(s) to be restrained or to their respective counsel.

DONE and ORDERED in Tampa, Florida, this 15th day of July 2021.

*Christopher P. Tuite*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record